Jayson M. Lorenzo, Esq. SBN 216973
jayson@jlorenzolaw.com
Attorney at Law
2111 S. El Camino Real, Ste. 302
Oceanside, CA 92054
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
VICEROY MUSIC LTD.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICEROY MUSIC LTD., an England and Wales Limited Company,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG DIMECH; DOES 1 – 50, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement and for unfair competition arising under the laws of the United States of America, including Title 17, United States

Code, § 101, et seq.  This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, Defendants committed an intentional act in the State of California and in this District, and Defendants expressly aimed their activities at the State of California and this District and has caused harm and injury to Plaintiff within the State of California and in this judicial district.

2. Jurisdiction is conferred upon this Court by Title 28, United States Code § 1338.

3. Venue is proper under 28 United States Code § 1400(a) and § 1391.

## PARTIES TO THE ACTION

4. Plaintiff is a private limited company organized under the laws of the England and located at 85 Pages Walk, London, SE1 4HD.

5. Based on information and belief, Defendant CRAIG DIMECH is an individual professionally known as Meck (hereinafter "Meck").  Defendant CRAIG DIMECH is a British DJ and music producer.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 50, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believes on that basis avers that the Doe Defendants are liable to Plaintiff because of their participation in all or some of the acts hereinafter set forth.   CRAIG DIMECH and the Doe Defendants are referred to collectively herein as "Defendants."

7. Plaintiff is informed and believes on that basis avers that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of

each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

8. Plaintiff is engaged in the music industry, namely in the business of music publishing activities.

9. Plaintiff is the current publisher of song writer and producer Francis Wright, professionally known as Felix (hereinafter "Felix").

10. In 1992, Felix co-wrote, co-produced, and released the track, "Don't You Want Me?" (the "Track").

11. The Track was recorded with the United States Copyright Office and granted the valid copyright registration in the Track, registered on October 8, 1993 (U.S. Copyright Registration No. PA0000685784), with the claimants recorded as Dying Art Limited and Hooj Music.

12. Hooj Music assigned all title and interest in the valid copyright in the Track to Plaintiff through written instrument, effective June 10, 1995. Plaintiff therefore owns all rights, title, and interest to the valid copyright in the Track.

13. Based on information and belief, on or about December 10, 2024, Plaintiff was notified by Defendant Meck that Defendant was seeking approval for the release of the track, "Meck x James Hype – Feels Like Home," from Plaintiff.

14. On or about December 11, 2024, Felix listened to the "Meck x James Hype – Feels Like Home" track, and after consultation and in conjunction with Plaintiff, Felix presented his objections and rejection to the track's release.

15. On or about December 11, 2024, Plaintiff also expressly objected to the release of the track, "Meck x James Hype – Feels Like Home."

16. Based on information and belief, on or about December 15, 2024, the track, "Meck x James Hype – Feels Like Home," was released without authorization or approval and made available for streaming on various platforms such as YouTube and Spotify, including audiences within this District.

17. Based on the foregoing, Defendant and each of them purposefully directed their activities at this District and have purposefully availed themselves of the privilege of conducting activities in this District.

18. Plaintiff did not grant a license agreement for use of Felix's "Don't You Want Me?" track in Defendant's "Meck x James Hype – Feels Like Home" track. Plaintiff did not receive any compensation for the use of these works.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

19. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 18 of this complaint.

20. Defendants, and each of them, have infringed upon Plaintiff's literary work created and owned by Plaintiff, for which it has a registered copyright, by prominent use of the original work on the track "Meck x James Hype – Feels Like Home" without consent, approval, or license of Plaintiff, and by continuing to distribute the track without compensation or credit to Plaintiff.

21. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

22. Defendants' infringement of Plaintiff's musical work has yielded Defendants' profits in an amount thus far not determined.

23. Defendants' infringement has been willful and deliberate and was done for the purpose of making commercial use of and profit on Plaintiff's material, and to entertain audiences throughout the country and within this Judicial District. Plaintiff is entitled to recover increased damages as a result of such willful copying.

24. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

25. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed

and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the infringed work. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE , Plaintiff does demand:

    A.    That, pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them be enjoined permanently from infringing Plaintiff's copyrights in any manner, including but not limited to the copying, manufacturing, printing, reprinting, publishing, distributing, selling, promoting or advertising any copies of the copyrighted work or by causing and/or participating in such manufacture, reprinting, publishing, distributing, selling, promoting or advertising of others.

    B.    That, pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff, such actual damages as the Plaintiff may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiff's copyrights in an amount to be proven at trial. Plaintiff requests Defendants account for all gains, profits, and advantages derived by Defendants from their infringement including profits of all sales of Defendants since the date of first commercial release.

    C.    That, pursuant to 17 U.S.C. § 504(c)(1), Defendants by required to pay an award of statutory damages in a sum of not less than $30,000.00 should this statutory remedy be elected.

    D.    That, the Court finds that Defendants' conduct was committed willfully.

    E.    That, pursuant to 17 U.S.C. § 504(c)(2), Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000.00 for willful infringement should this statutory remedy be elected.

    F.    That, pursuant to 17 U.S.C. § 505, Defendants be required to pay the Plaintiff's full costs in this action and reasonable attorney's fees to Plaintiff's attorney.

    G.    That Defendants' conduct was willful or wanton and done in reckless disregard of Plaintiff's rights thereby entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

    H.    Plaintiff has other and further relief as this Court may deem just and appropriate under the circumstances.

    I.    For prejudgment interest according to law.

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiff VICEROY MUSIC LTD. demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Date: October 23, 2025

By: _____
JAYSON M. LORENZO
Attorney for Plaintiff