# UNITED STATES DISTRICT COURT for the
## CENTRAL DISTRICT OF CALIFORNIA

Case No. Case 2:25-cv-10204-SRM-E

VICEROY MUSIC LTD.                    Plaintiff(s)

-V-

CRAIG DIMECH, et.al                   Defendant(s)

# AFFIDAVIT OF SUBSTITUTED SERVICE

I, **Kevin Howard,** a Process Server of the Howard Agency, Berkeley Suite, 35 Berkeley Square, London W1J 5BF, UK and in this instance acting on behalf of the abovenamed Plaintiffs, being duly sworn say:-

That I have been duly authorized to make service of the below listed Complaint with Exhibits in the above-entitled case. That I am over the age of eighteen years and not a party to or otherwise interested in this action.

1. **Summons in a Civil Action dated 10/30/25**
2. **Notice of Assignment to the United States Judges dated 10/27/25.**
3. **Notice to Counsel Re; Consent to Proceed Summons, dated 10/27/25.**
4. **Notice to parties of Court-Directed ADR Program, dated 10/27/25.**
5. **Civil Standing Order, dated 10/28/25**
6. **Complaint, dated 10/23/25**

☐ I did on at 11.34 hours on Thursday 6th November 2025 attend at the Defendants address; 40 Aldren Road, Tooting, London SW17 0JT, UK.   Upon knocking at the front door of the property, I received no answer or response although I was able to hear what I believed to be a female voice from inside.   I was aware that there was a CCTV camera above the door with had appeared to have been activated.   After continued knocking at the door, I received no further response, and it soon became clear to me the unknown occupier was not going to open the door to me.

☐ I returned to 40 Aldren Road, Tooting, London SW17 0JT, UK at 7.31pm on Monday 10th November 2025.   Upon my arrival I observed lights on inside the front living room and a large TV on the wall which was on.   Upon knocking at the front door of the property, I received no answer or observed any movement of persons from within the property.   Despite knocking several times and waiting on the doorstep, I received no answer.

☐ I re-attended at 40 Aldren Road, Tooting, London SW17 0JT, UK at 10.43am on Wednesday 12th November 2025.   Upon knocking at the front door of the property, I received no answer or observed any movement of persons from within the property.

☐ I did at 9.49am on 12th November 2025 call a mobile number for the Defendant provided by the Plaintiff, but this went straight to voicemail. At 12.27pm on 12th November 2025 I sent the Defendant a message via WhatsApp stating the following wording:-

> *Dear Mr Dimech. We are a UK process servers company instructed to serve you with US civil action proceedings on behalf of Viceroy Music Ltd. We have attended your home address on 3 x occasions over the past week or so and have been unable to obtain any response. I would be grateful if you could contact me to arrange a convenient time/date to meet and serve you. Thanks Kevin Howard*

☐ To date the message status remains with two grey ticks denoting as delivered, but I have not received any form of response or confirmation it was read by the recipient.

☐ I did at 12.29pm on Wednesday 12th November 2025 send the following email to the Defendant's known Solicitor; Mr Mike Shepperd of Cadence Solicitors, 8 Baltic Street East, London EC1Y 0UP, UK. To date I have not received any form of response from the above email.

---

Kevin Howard <info@howardagency.co.uk>                    Wed, 12 Nov 2025, 12:29    ☆    ←    ⋮
to mshepherd ▾

Dear Mr Shepherd

Your email address was passed onto us by our client Felix Wright and Viceroy Music. We are UK instructed process servers acting on their behalf.

We have over the past week or so been attempting to serve US summons proceedings upon him at his home address without success.

I have this morning sent Mr Dimech a WhatsApp message and hope he contacts me, but in the meantime I would ask if you if it is possible for you to discuss the claim against him and hopefully ask him to arrange to meet us for service purposes.

Regards

Kevin Howard

**HOWARD**AGENCY
L E G A L   S U P P O R T   S E R V I C E S

**Professional Investigators/Process Servers/Surveillance/Tracing**
**Direct:** 07774 244278 / **Office:** 020 8542 1710
Email: info@howardagency.co.uk
www.howardagency.co.uk
Berkeley Suite, 35 Berkeley Square, London W1J 5BF
ICO Reg No. Z7283317 / Company No. 14105475
Member of the Association of British Investigators (**ABI**) / World Association of Detectives (**WAD**)

The information contained within this e-mail (and any attachment) sent by The Howard Agency Limited is confidential and may be legally privileged. Unauthorised access, use, disclosure, storage, or copying is not permitted and may be unlawful. Any views or opinions presented are solely those of the originator. The Howard Agency Limited disclaims any liability for action taken in reliance on the content of this communication. All and any instructions received are subject to our Terms of Business, which are available upon request. Please note, we do not accept service by email.

---

☐ Following instruction from the client; I did on 28th November 2025 carry out UK credit database searches upon the Defendant to confirm his continued occupation of 40 Aldren Road, London SW17 0JT. The results were as follows below, proving that the said Defendant does own and appear to occupy the said property.
☐ *We completed the searches, which show the following:*

*Mr Craig Anthony Dimech (DOB - 27/09/1970)*
*The subject appears to currently reside at; 40 Aldren Road, London, SW17 0JT.*
*The subject appears at this address from October 2002 to present and is actively linked here by credit and financial data in November 2025. The subject is listed as the current sole owner of this property, under the title SGL336958.* *We cannot link the subject to any other address in the UK.* *We can confirm the current mobile number for the subject is shown as 07717 332222, the number you provided.*

☐ Following a pause in further action pending the clients' instructions from 1st – until 30th December 2025; I did on 6th January 2026 re-attend at 40 Aldren Road, Tooting, London SW17 0JT whereby having again received no response, I there left a Letter of Appointment dated 6th January 2026 addressed to the Defendant, by letterbox insertion: -

**HOWARD AGENCY**
Process Servers
T: 07990 095561
Berkeley Suite, 35 Berkeley Square, London W1J 5BF
ICO Reg No. Z7283317

Mr Craig Dimech
40 Aldren Road
Tooting
London SW17 0JT

Date: 6th January 2026

Ref No. [KH/Viceroy]

Dear Mr Dimech

**Re: Viceroy Music Limited- v- Yourself – Civil Action in the US District Court – Central District of California**

We are Legal Agents (Process Servers) working on the instruction of, the abovenamed plaintiffs, to serve you with a summons for a civil action issued in the above court on behalf of the abovenamed Plaintiff.

We attended at your address on a number of occasions in November 2025 in order to effect service of the said proceedings but were unable to meet with you. We have to inform you that we will attend your address again (shown above), on **Tuesday 13th January 2026** at **8.15pm** for the purpose of serving you personally with the documents.

Should the above appointment prove inconvenient, please contact us on **07990 095561** and we will attend any other reasonable, mutually convenient appointment at a place and time that you may suggest. If instructed, a solicitor may accept service of the Demand on your behalf.

It is my duty to inform you that should you fail to attend the above appointment, or any other appointment made in lieu thereof, substituted service of the said summons shall be effected by way of advertisement in the daily press, by insertion of the same through your letterbox or by any other way the court deem fit.

Yours faithfully

**(For The Howard Agency)**

☐   Having received no response from the above letter of appointment, I duly re-attended at 40 Aldren Road, Tooting, London SW17 0JT at 8.15pm on Tuesday 13th January 2026, whereby upon my arrival found the property to be in complete darkness, with no obvious signs of occupation at the time.

☐   Having knocked at the front door of the said address, I received no response and in consequence I inserted the above listed documents through the letterbox of 40 Aldren Road, Tooting, London SW17 0JT.

☐   I did on 14th January 2026 email copies of the listed documents to both the Defendant and Mike Shepperd of Cadence Solicitors at their respective email addresses provided and to date I can report that I have received no response from either.

☐   I now produce and exhibit hereto collectively marked KH1, true copies of the aforesaid Complaint with Exhibits, so served by me upon the abovenamed Defendant in these proceedings, in the manner described herein. I further believe that the Defendant has deliberately evaded personal service and that the said documents will have come to his attention, care and control.

SWORN at:      *89 BICKERSTETH ROAD*     )

                 *LONDON*                     )

                 *SW17 9SH, UK*           )

                                        )

Kevin Howard

This *28th* day of *January* 2026

BEFORE ME

*NOTARY PUBLIC*

South London
Notaries
Tooting Works · C116
89 Bickersteth Road
London SW17 9SH
Tel: 07376 777170

SENTHURAN THAVARAJA
NOTARY PUBLIC & SOLICITOR

South London
Notaries
Tooting Works · C116
89 Bickersteth Road
London SW17 9SH
Tel: 07376 777170

SENTHURAN THAVARAJA
NOTARY PUBLIC & SOLICITOR

## UNITED STATES DISTRICT COURT for the
## CENTRAL DISTRICT OF CALIFORNIA

Case No. Case 2:25-cv-10204-SRM-E

VICEROY MUSIC LTD.                    Plaintiff(s)

-v-

CRAIG DIMECH, et.al                   Defendant(s)

# EXHIBIT

## KH1

This is the Exhibit marked KH1 referred to in the Affidavit of

Kevin Howard dated ...........28ᵗʰ Jаnuаry...2026

Signed before me:

NOTARY PUBLIC

28/01/2026

South London
Notaries - C116
Tooling Works -
89 Bickersteth Road
London SW17 9SH
Tel: 07376 777170
SENTHURAN THAVARAJA
NOTARY PUBLIC & SOLICITOR

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Viceroy Music Ltd.,<br>an England and Wales Limited Company,<br><br>*Plaintiff(s)*<br>v.<br>Craig Dimech; Does 1-50, inclusive<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   2:25-cv-10204-SRM (Ex)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Craig Dimech

40 Aldren Road
London SW17 0JT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Jayson M. Lorenzo

J Lorenzo Law
2111 S. El Camino Real, Ste. 302
Oceanside, CA 92054

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:     10/30/2025

Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  2:25-cv-10204-SRM (Ex)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*

                                             _____
                                                 *Printed name and title*


                                             _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

> District Judge   **Serena R Murillo**
> Magistrate Judge   **Charles F. Eick**

The case number on all documents filed with the Court should read as follows:

### 2:25–cv–10204–SRM (Ex)

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

  October 27, 2025
Date

By   /s/ Estrella Liberato
Deputy Clerk

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

VICEROY MUSIC LTD.

                                    PLAINTIFF(S),

        v.

CRAIG DIMECH, et al.

                                    DEFENDANT(S).

CASE NUMBER:

2:25–cv–10204–SRM–E

**Notice to Counsel Re Consent to Proceed
Before a United States Magistrate Judge**

The parties are advised they may consent to proceed before any available magistrate judge participating in the Voluntary Consent to Magistrate Judges Program to conduct all further proceedings in the case pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73. The consent list and consent form are available on the court's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges-program. To confirm a particular magistrate judge's availability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact the magistrate judge's courtroom deputy prior to filing the consent.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. The parties can select a participating Magistrate Judge from any of the three divisions in the Central District of California. There may be other advantages or disadvantages which you will want to consider.

The plaintiff or removing party must serve this Notice on each named party in the case.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER: |
|---|---|---|
| VICEROY MUSIC LTD.<br><br>Plaintiff(s)<br><br>v.<br><br>CRAIG DIMECH, et al.<br><br>Defendant(s). | | 2:25–cv–10204–SRM–E<br><br><br>**NOTICE TO PARTIES OF<br>COURT–DIRECTED ADR PROGRAM** |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

_October 27, 2025_
Date

By  _/s/ Estrella Liberato_
Deputy Clerk

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICEROY MUSIC LTD. | Case No. 2:25–cv–10204–SRM–E |
|       Plaintiff(s), | |
|         v. | **STANDING ORDER FOR NEWLY ASSIGNED CIVIL CASES** |
| CRAIG DIMECH, et al. | |
|       Defendant(s). | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This case has been assigned to United States District Judge Serena R. Murillo. Both the Court and all counsel bear responsibility for the progress of litigation in this Court. "Counsel," as used in this Order, includes attorneys and parties who have elected to appear without an attorney and are representing themselves in this civil litigation (hereinafter referred to as "*Pro Se* Litigants").

    To secure the "just, speedy, and inexpensive determination of every action," as called for in the Fed. R. Civ. P.1, all parties and their counsel are ordered to

1    comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules

2    of the Central District of California. *See* C.D. Cal. R. 1-3, 83-2.2.3. The Court

3    periodically updates this Order. Counsel should obtain the latest version of this

4    Order under Orders & Additional Documents at the bottom of Judge Murillo's

5    webpage on the Court's website: https://www.cacd.uscourts.

6    gov/Jps/honorable–serena–r–murillo. The version date appears in the electronic

7    file name.

8    **I.    GENERAL REQUIREMENTS**

9        **A.    Service of Order**

10        Counsel for the plaintiff must immediately serve this Order on all parties,

11    including any new parties to the action. If this case was removed from state court,

12    the defendant that removed the case must serve this Order on all other parties.

13    Any document that is e-filed shall be served by mail that same day on any party

14    or attorney who is not permitted or has not consented to electronic service,

15    with a proof of service to be filed within 24 hours.

16        **B.    *Pro Se* Litigants**

17        Only individuals may represent themselves. A corporation or other entity

18    must be represented by counsel. If counsel seeks to withdraw, counsel must

19    advise the entity of the dire consequences of failing to obtain substitute counsel

20    before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed, or a

21    defendant entity will default. *See* C.D. Cal. R. 83-2.3.4. The following links may

22    be helpful to *Pro Se* Litigants: (a) General information on how parties may

23    represent themselves in civil cases in the Central District of California can be

24    found at https://www.prose.cacd.uscourts.gov/; (b) Local Civil Rules for the

25    Central District of California can be found at https://www.cacd.uscourts.

26    gov/court-procedures/local-rules; (c) Federal Rules of Civil Procedure

27    can be found at https://www.law.cornell.edu/rules/frcp.

28

### C.    Presence of Lead Trial Counsel

Lead trial counsel shall attend all proceedings set by this Court, including scheduling, settlement, pretrial conferences, and trial unless lead trial counsel is engaged in trial. Lead trial counsel must be prepared to address and resolve all matters within the scope of the proceeding. Only one attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. If a second lead trial counsel is permitted by the Court, both counsel must attend the pretrial conference. The Court does not permit special appearances; only counsel of record may appear at any proceeding. To provide more experience to the next generation of practitioners, the Court encourages lead trial counsel to permit junior counsel to fully participate in Court proceedings, including to arguing motions and examining witnesses at trial.

### D.    Counsel Calendar Conflicts

If any counsel discovers a calendar conflict due to lead counsel's engagement in trial, counsel must inform opposing counsel and the Court's courtroom deputy (CRD) via Chambers email at SRM_chambers@cacd.uscourts.gov as soon as possible and not later than three days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and Proposed Order. A "Notice of Unavailability" has no legal effect and should not be filed. The Court expects counsel to conduct themselves professionally and not deliberately schedule any proceeding when counsel is unavailable.

### E.    Communications with Chambers

Neither counsel nor a party shall initiate contact with the Court or its Chambers staff by telephone or by any other improper *ex parte* means. Counsel may contact the CRD with appropriate inquiries. Contacting the CRD to inquire about the status of a ruling or to continue a proceeding is not appropriate.

1   The preferred method of communication with the CRD is by email at

2   SRM_chambers@cacd.uscourts.gov. Counsel must copy all parties on any

3   such email. To facilitate communication with the CRD, counsel should list

4   their email addresses and telephone numbers on all papers.

5       **F.    Civility**

6       All counsel who appear in this action must immediately review and

7   comply with the Civility and Professionalism Guidelines, which can be found

8   on the Court's website at https://www.cacd.uscourts.gov/attorneys/

9   admissions/civility-and-professionalismguidelines. The Court expects everyone in

10  the courtroom to treat each other with dignity and respect. At a minimum, the

11  Court expects the following from counsel: (1) being punctual and prepared for all

12  court appearance; (2) being civil and respectful in all oral and written

13  communications with the Court and other parties; (3) being civil and respectful to

14  court personnel, including the CRD, court reporters, law clerks, and marshals; (4)

15  refraining from interrupting any person in the courtroom when that person is

16  speaking; (5) refraining from making gestures, facial expressions, or audible

17  comments indicating approval or disapproval of testimony or argument; and (6)

18  being considerate of the time constraints and pressures on the Court and court

19  staff inherent in their efforts to administer justice.

20  **II.    PLEADINGS REQUIREMENTS**

21      **A.    Service of the Complaint**

22      The plaintiff(s) shall promptly serve a copy of the summons and complaint

23  in accordance with Federal Rule of Civil Procedure 4 and file the proofs of service

24  pursuant to Federal Rules of Civil Procedure 4(l). Any defendant(s), including

25  "DOE" or fictitiously named defendant(s), not served within 90 days after the case

26  is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m) and by operation of this

27  Order without further notice, unless plaintiff requests and justifies the need for

28  additional time in the joint report and the Court grants an extension. The Court will

1  require plaintiff to show good cause to extend the service deadline beyond 90 days.

2      **B.**    **Removed Actions**

3      Any answers filed in state court must be refiled in this Court as a

4  supplement to the Notice of Removal. Any pending motions must be re-noticed

5  in accordance with Local Rule 6. If an action removed to this Court contains a

6  form pleading, i.e., a pleading in which boxes are checked, the party or parties

7  that filed the form pleading must file in this Court within 30 days of receipt of

8  the Notice of Removal a revised pleading that complies with Federal Rule of

9  Civil Procedure 7, 7.1, 8, 9, 10 and 11. An amended complaint filed within 30

10  days after removal to replace a form complaint pursuant to this instruction shall be

11  deemed an amended complaint with "the court's leave" pursuant to Federal Rule

12  Civil Procedure 15(a)(2).

13      **C.**    **Status of Fictitiously Named Defendants**

14          (a).   Plaintiff must identify and serve any fictitiously named or "Doe"

15  defendant(s) before the deadline set forth in the Court's Order Setting Scheduling

16  Conference.

17          (b).   Before moving to substitute a defendant for a Doe defendant,

18  plaintiff must seek the consent of counsel for all defendants, including counsel for

19  a represented Doe defendant. If denied consent, plaintiff must file a regularly

20  noticed motion. In diversity cases, plaintiff's motion must address whether the

21  addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C.

22  § 1447(c), (e).

23  **III.**    **FILING REQUIREMENTS**

24      **A.**    **Electronic Filing**

25      Pursuant to Federal Rule of Civil Procedure 5(d)(3), Local Rule 5-4, and

26  General Order 10-07, counsel shall electronically file ("e-file") all filings. Items

27  that do not require the Court's signature shall be e-filed in text searchable portable

28  document format (PDF). Proposed orders shall be e-filed in text searchable PDF

format as an attachment to the main documents. *Pro Se* Litigants may submit

documents for filing through the Court's Electronic Document Submission System

(EDSS) instead of mailing or bringing documents to the Clerk's Office. Only

internet access and an email address are required. Documents are submitted in PDF

format through an online portal on the Court's website. To access EDSS and for

additional information, visit the Court's website at

https://apps.cacd.uscourts.gov/edss.

**B.    Documents with Declarations, Exhibits, and other Attachments**

If a filed or lodged document has declarations, exhibits, or other attachments,

each attachment must be filed as a separately docketed attachment to the main

docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith

Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice).

The Court may strike or decline to consider motions, stipulations, or other

documents with attachments that are not filed in accordance with this Order.

**C.    Proposed Orders**

1.    Proposed Orders Must be Lodged and Served.

Each party filing or opposing a motion or seeking the determination of any

matter shall serve and lodge a proposed order setting forth the relief or action

sought and a brief statement of the rationale for the decision with appropriate

citations.

2.    Use Applicable Templates.

Use the "Proposed Order" template located on the Court's website under

"Orders & Additional Documents" at the bottom of the webpage.

(https://apps.cacd.uscourts.gov/Jps/honorable–serena–r–murillo). Failure to do so

may result in the striking of the request. Proposed orders must be on pleading

paper. Proposed orders should NOT contain any of the following: (1) attorney

names, addresses, etc. on the caption page; (2) a footer with the document name

or other information; or (3) a watermark or designation of the firm name.

1   Proposed orders should be formatted in the same fashion as motions. *See* infra

2   paragraph G.4.

3              3.    Email Proposed Orders to Chambers.

4         The Court enforces strict compliance with Local Rule 5-4.4.2, which

5   instructs: "After a document requiring a judge's signature has been lodged in

6   accordance with L.R. 5-4.4.1 . . . , a Microsoft Word copy of the proposed

7   document, along with a PDF copy of the the electronically filed main document,

8   shall be e-mailed to the assigned judge's generic chambers e-mail address

9   using the CM/ECF System," namely, SRM_chambers@cacd.uscourts.gov.

10  The Court will not consider a stipulation, *ex parte* application, or other request

11  for relief until a compliant proposed order is received by email. If the proposed

12  order is based on a stipulation or an *ex parte* application, counsel must email

13  both the order and the stipulation or *ex parte* application. Otherwise,

14  accompanying documents (such as motions) should not be emailed to Chambers.

15      **D.**      **Mandatory Chambers Copies**

16             1.    Motions, Pleadings, and Trial Documents

17        The parties must not provide chambers copies unless specifically ordered

18  by the court, or in case of an *ex parte* application for a temporary restraining

19  order (TRO). If required, chambers copies are to be submitted pursuant to Local

20  Rule 5-4.5. The Court <u>does</u> require copies of materials that have not been filed

21  on the electronic docket for the case (e.g., CD-ROMs, DVDs, USB drives,

22  documents electronically filed in other cases or other districts). Please do not send

23  paper copies of any other documents unless requested by the Court.

24             2.    Delivery Location, Timeliness, and Form

25        If ordered, Chambers Copies or materials must be delivered to Judge

26  Murillo's mailbox on the Fourth Floor of the First Street Courthouse,

27  350 West First Street, Los Angeles, California 90012. Where applicable, any

28  exhibits or declarations attached to chambers copies must be tabbed. Mandatory

1  Chambers Copies need NOT be blue backed.

2       Chambers copies must be delivered no later than 12:00 p.m. the following

3  business day after the document is electronically filed. "Chambers copies must

4  be printed from CM/ECF and must include: (1) the CM/ECF-generated header

5  (consisting of the case number, document control number, date of filing, page

6  number, etc.) at the top of each page; and (2) the NEF [notice of electronic

7  filing] (*see* L.R. 5-3.2.1) as the last page of the document." Local Rule 5-4.5

8  (emphasis added). For security reasons, do not leave chambers copies in

9  envelopes or folders.

10          3.   Chambers Copy Exhibits

11       If chambers copies are ordered, all exhibits should be separated by a tab

12  divider on the right or bottom of the document. If the evidence exceeds 50 pages,

13  the Chambers Copy must: (1) include a table of contents; and (2) be in a tabbed

14  binder with each exhibit separated by a tab divider on the right or the bottom.

15  All documents in the binder must be three- hole punched, preferably with a larger

16  hole size (13/32"), rather than the standard hole size (9/32"), to facilitate ease of

17  review. If the evidence exceeds 200 pages, the table of contents and evidence

18  must be placed in a Slant D-Ring binder. Binders should be no larger than 4

19  inches. Binders must have both a cover sheet and a spine label that includes the

20  case name, case number, and a description of the contents.

21      **E.**    **Filings Under Seal**

22          1.   Local Rule 79-5

23       Local Rule 79-5 governs applications to file under seal. Parties must comply

24  with all sections of Local Rule 79-5. There is a "strong presumption of access

25  to court records" in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*,

26  331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of

27  information a party seeks to file under seal, the party must identify and discuss

28  the factual and/or legal justification, *see* (c) below, that establishes

1    "good cause" or "compelling reasons" for the document's protection. *Kamakana v.*

2    *City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

3                   2.    Redacted Version and Unredacted Version

4            Documents that are not confidential or privileged in their entirety should

5    not be filed under seal if the confidential portions can be redacted and filed

6    separately with a reasonable amount of effort. The parties should file an

7    unredacted version of the document under seal, and a redacted version for public

8    viewing, omitting only the portions the Court has ordered may be filed under seal.

9                   3.    Justification

10           Sealing must be justified for each individual confidential matter; blanket

11   claims of confidentiality will result in the application to seal being denied. All

12   applications must provide the reason(s) the parties' interest in maintaining the

13   confidentiality of the document(s) outweighs the public's right of access to

14   materials submitted in connection with a judicial proceeding. Counsel is strongly

15   encouraged to consider carefully whether sealing or redaction is required for a

16   given piece of evidence or argument. An application to seal that includes clearly

17   meritless requests to seal or redact documents may be denied in its entirely.

18   The parties must also meet and confer before filing an application to seal.

19                   4.    Meet and Confer

20           Counsel are ordered to meet and confer in person or by telephone at least

21   seven calendar days before the filing of an application in which the basis for

22   the requested sealing is stated to determine if they can agree on the proposed

23   under seal filing. Not later than two calendar days after the meet and confer

24   process has concluded, the non-proposing party shall confirm whether it agrees

25   to having such information designated as confidential or whether it opposes an

26   under-seal filing. Any application for under-seal filing, whether or not opposed,

27   shall contain the dates and method by which the parties met and conferred.

28   If such information is not provided, the application will be denied without

1    prejudice to an amended application being filed that complies with these

2    terms. *The parties are further advised that email correspondence alone is*

3    *insufficient to satisfy this requirement.*

4    **IV.    CONSENT TO MAGISTRATE FOR ENTIRE CIVIL CASE**

5    Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge

6    preside over the entire civil case, including trial, rather than just discovery. *See*

7    General Order 12-01 and General Order 12-02. One benefit to giving such consent

8    is that the parties will likely be able to proceed to trial sooner than on a District

9    Judge's calendar. Additionally, the parties are free to select from among all

10   Magistrate Judges available for this purpose, not just the Magistrate Judge assigned

11   to the parties' case. The Magistrate Judges have experience and expertise in a

12   variety of areas, including patent and trademark litigation. If the parties agree to

13   consent to proceed before a Magistrate Judge, the parties should consult the Central

14   District website for the list of available Magistrate Judges and should submit the

15   appropriate consent form. https://www.cacd.uscourts.gov/judges-requirements/

16   court-programs/voluntary-consent-magistrate-judges

17   **V.    DISCOVERY**

18   **A.    Magistrate Judge Referral for All Discovery Matters**

19   All discovery matters are referred to the assigned United States Magistrate

20   Judge. The Magistrate Judge's initials follow the Judge's initials next to the case

21   number. All documents relating to discovery matters must include the words

22   "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel should

23   not deliver chambers copies of discovery matters to the District Judge. Counsel

24   must follow the Magistrate Judge's procedures for scheduling matters for

25   hearing. These procedures are stated on each Magistrate Judge's webpage.

26   **B.    Limited District Court Review of Discovery Matters**

27   The decision of the Magistrate Judge on all discovery matters shall be

28   final, subject to limited review requiring a showing that the decision is clearly

1    erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review

2    of a Magistrate Judge's decision must be noticed before the District Court Judge

3    within 14 days of service of the Magistrate Judge's written ruling or within 14

4    days of an oral ruling that the Magistrate Judge states will not be followed by

5    a written ruling. The motion must specify which portions of the ruling are

6    clearly erroneous or contrary to law, and the claim must be supported by

7    points and authorities. Counsel shall provide copies of the moving papers

8    and responses to the Magistrate Judge chambers.

9         **C.**     **Timing of Discovery**

10         Unless there is a likelihood that, upon motion by a party, the Court would

11    order that discovery be stayed, the parties should begin to propound discovery

12    before the Scheduling Conference. The parties must comply fully with the letter

13    and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery

14    promptly. Discovery is not stayed before the Scheduling Conference or after

15    dates have been set unless otherwise ordered by the Court. At the Scheduling

16    Conference, the Court will impose firm deadlines governing the completion of

17    discovery.

18         **D.**     **Discovery Protective Orders**

19         Proposed protective orders for discovery must be submitted to the assigned

20    Magistrate Judge. Such orders should not purport to allow, without further order

21    of the Court, the filing under seal of pleadings or documents filed in connection

22    with a dispositive motion, a class certification motion, or trial before the Court.

23    The existence of a protective order does not alone justify the filing of pleadings

24    or other documents under seal, in whole or in part.

25    **VI.**    **SCHEDULING CONFERENCE**

26         Pursuant to Federal Rule of Civil Proceduere 16(b), the Court will issue

27    an Order Setting Scheduling Conference. The parties are required to strictly comply

28    with Federal Rule of Civil Procedure 16 and 26, as well as this Court's Orders.

## VII.   MOTIONS – GENERAL REQUIREMENTS APPLICABLE TO ALL MOTIONS

### A.   Local Rule 7-3 Pre-Filing Meet and Confer Requirement

#### 1.   Scope

The Court strictly enforces Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This requirement applies in all cases, including those with *Pro Se* Litigants. This Court requires parties through Counsel to meet and confer about any potentially disputed matter (except those identified in Local Rules 7-3 and 16-12) before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of contested issues. Counsel must meet and confer in good faith. *The parties are further advised that email correspondence alone is insufficient to satisfy this requirment.*

#### 2.   Method

Parties must meet and confer either by videoconference or in person. Email correspondence is insufficient.

#### 3.   Compliance Statement Required

The moving party must include a truthful representation of full compliance with Local Rule 7-3 in the signing notice of motion, stating that the parties "thoroughly discussed the substance and potential resolution of the filed motion [by videoconference or in person]."

#### 4.   Non-Compliance

If an opposing party refuses to participate in good faith, the moving party shall explain the refusal in detail. Failure by any party to comply in good faith with

1 the "meet and confer" requirement may result in an order to show cause re:

2 sanctions—including, as appropriate, striking or denying the motion, deeming the

3 motion unopposed, and/or awarding monetary sanctions.

4   **B.** **Scheduling Motions Hearings**

5   Motions must be filed in accordance with Local Rules 6 and 7. Judge Murillo

6 hears civil motions on Wednesday beginning at 1:30 p.m. It is <u>not</u> necessary to

7 clear a hearing date with the CRD before filing a motion. Immediately before

8 filing the motion, parties must check the closed motion dates column located

9 on the right side of Judge Murillo's Procedures and Schedules Page on the

10 Court's website to ensure the hearing date has not been closed. The closed

11 date column is typically updated on a weekly, and sometimes daily basis. If

12 a motion is noticed for a date that is not available, the Court may strike or reset

13 the motion.

14   **C.** **Briefing Schedule**

15   To allow Chambers enough time to prepare, the parties must adhere to

16 the briefing schedule set forth in Local Rule 7-9 and 7-10 for all motions, except

17 Rule 56 motions. For Rule 56 motions, the parties should review and comply

18 with Judge Murillo's Standing Order For Motions for Summary Judgment

19 located on the Court's website. (https://app.cacd.uscourts.gov/

20 Jps/honorable-serena-r-murillo). When scheduling motion hearing dates,

21 professional courtesy dictates that the parties should accommodate each other's

22 schedules, including vacation and holiday schedules, whenever possible.

23   **D.** **Length and Format of Motion Papers**

24   Memoranda of points and authorities in support of or in opposition to

25 motions shall not exceed 25 pages. Replies shall not exceed 10 pages. Only

26 rarely and for good cause shown will the Court grant an application to extend

27 these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally

28 spaced or monospaced face may be used. Typeface shall comply with Local Rule

1    11-3.1.1. Times New Roman font must be no less than 14 point. Footnotes shall

2    be in the same font and the same size as the body of the memorandum. Counsel

3    shall adhere to Local Rule 5-4.3 with respect to the conversion of all

4    documents to PDF format so that when a document is electronically filed,

5    it is in proper size and is PDF searchable. Further, all documents shall be filed

6    in a format so that text can be selected, copied, and pasted directly from the

7    document. *See* C.D. Cal. R. 5-4.3.1.

8         **E.    Citations to Authority**

9         Statutes should be cited in accordance with the Bluebook. Citations that

10    support a statement in the main text must be included in the main text, not in

11    footnotes.

12             **1.   Case citations**

13        Case citations must identify both the case cited and the specific page

14    referenced. Parties should not use string cites without a good reason. A party

15    should include a parenthetical explanation for each cited case when using

16    string cites. When citing to legal databases (which is not encouraged), cite

17    to Westlaw whenever possible.

18             **2.   Statutory references**

19        Statutory references should identify with the sections and subsections

20    referenced with specificity. Citations should be to the relevant official statutory

21    code (e.g., the U.S. Code) and should not merely reference the popular name of

22    an act.

23             **3.   Citations to Other Sources**

24        Citations to treatises, manuals, and other materials should include the volume,

25    section, and relevant pages. Attach copies if these materials are not accessible on

26    Westlaw, especially for historical materials (e.g., older legislative history).

27    **F.    Oral Argument**

28        If the court deems a matter appropriate for decision without oral argument,

1    the Court will notify the parties in advance. C.D. Cal. R. 7-15.

## VIII.    MOTIONS – SPECIFIC REQUIREMENTS

### A.    Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Further, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading to determine if an amendment would cure the defects. The moving party, in turn, should agree to any amendment that would cure the defect.

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### B.    Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) attach as an

1    exhibit a "redlined" version of the proposed amended pleading identifying all

2    additions and deletions of material

3         **C.**     **Motions and Stipulations to Continue**

4        Continuances are granted only on a showing of good cause. Requests for

5    continuances must be made sufficiently in advance of the date to be continued and

6    by motion or stipulation, along with a proposed order. Motions and stipulations

7    must be accompanied by a detailed declaration setting forth the specific reasons for

8    the requested continuance. The declaration also should state whether there have

9    been any previous requests for continuances; whether these requests were granted

10    or denied by the Court; what efforts were made to meet the existing deadline; and

11    what, if any, prejudice would result if the request is denied. Stipulations extending

12    dates set by this Court are not effective unless approved by the Court. Continuances

13    will not be granted routinely.

14         **D.**     **Motions *In Limine***

15        Motions *in limine* are heard at the date and time of the Final Pretrial

16    Conference and shall be e-filed twenty-eight (28) calendar days before the Final

17    Pretrial Conference. Unless leave of Court is granted, each party is limited to five

18    motions *in limine*. The motions shall be prepared and filed consistent with Local

19    Rule 6-1 and Local Rule 7. They shall be numbered sequentially by each party who

20    presents them. The supporting memorandum shall not exceed ten (10) pages. Any

21    opposition(s) shall be e-filed fourteen (14) calendar days before the Final Pretrial

22    Conference and shall not exceed 10 pages. The Court will permit oral argument on

23    motions *in limine*; therefore, a reply is not required. The Court hears all motions

24    *in limine*, which shall be numbered sequentially by each party who presents

25    them, at the time of the Final Pretrial Conference.

26         **E.**     ***Daubert* Motions**

27        *Daubert* motions shall be noticed for hearing no later than eight weeks before

28    the Final Pretrial Conference date.

**F.    Motions for Class Certification**

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. This Court requires an extended briefing schedule for motions for class certification. Parties are advised to refer to the Court's Scheduling Order for additional guidance as to filing and timing of motions for class certification.

**G.    Motions Pursuant to Federal Rule of Civil Procedure 56**
**(Summary Judgment/Summary Adjudication Motions)**

For the requirements specific to Rule 56 motions, the parties shall refer to the Court's Standing Order for Motions for Summary Judgment located on the Court's website. (https://apps.cacd.uscourts.gov/Jps/honorable-serena-r-murillo). The parties are expected to comply with all the Court's requirements.

**H.    Motions for Attorneys' Fees**

Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (e.g., partner, counsel, associate, etc.). The first table shall include a summary of the hours worked by each attorney, organized by task (e.g., discovery, motion to dismiss, motion for summary judgment). The second table shall include a summary of the hours worked by each attorney, organized by attorney. Both tables shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney. If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate. All tables shall be attached to the motion and electronically filed. The courtesy copies of the tables shall be prepared in Excel, have all restrictions

1    removed so the spreadsheets can be edited, and be emailed to the Court's chambers

2    email address at SRM_Chambers@cacd.uscourts.gov.

3         **I.     Motions to Reconsider**

4         Motions for reconsideration must meet the requirements for reconsideration

5    set forth in the Federal Rules of Civil Procedure and/or Local Rules. A motion

6    for reconsideration will "not be granted, absent highly unusual circumstances,

7    unless the district court is presented with newly discovered evidence, committed

8    clear error, or if there is an intervening change in the controlling law." *See*

9    *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

10   (9th Cir. 2009) (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665

11   (9th Cir. 1999)); *see also* C.D. Cal. R. 7-18 (listing other requirements). Motions

12   for reconsideration should not be filed to rehash arguments or "raise arguments

13   or present evidence for the first time when they could reasonably have been

14   raised earlier in the litigation." *Id.* (quoting *Kona Enters., Inc. v. Estate of*

15   *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Filing motions for reconsideration

16   that do not adhere to the above requirements may result in sanctions being imposed.

17        **J.     PLRA Exhaustion Motions**

18        The issue of exhaustion under the Prison Litigation Reform Act (PLRA)

19   must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d 1162,

20   1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any

21   material fact dispute precluding summary judgment on the exhaustion issue must

22   file before this Court a request for a hearing within 14 days of the filing of the

23   order denying summary judgment. The failure to file a timely request may be

24   construed as a waiver of the exhaustion issue.

25   **IX.   HEARINGS**

26        **A.     Submission Without Oral Argument**

27        Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the

28   Court may deem a matter appropriate for decision without oral argument. If the

1    Court does so, it will notify the parties before the hearing.

2        **B.    Oral Argument Time Limits**

3        If oral argument is permitted, the parties will have 10 minutes each

4    for oral argument, unless the Court states otherwise. If the Court believes the

5    matter warrants less or more time, it will advise counsel at the hearing.

6        **C.    Remote Appearances**

7        Remote appearances are disfavored absent good cause shown in a filed

8    declaration.

9        **D.    Telephonic Hearings**

10        The Court seldom permits telephonic appearances. The Court strongly prefers

11    counsel to appear in person for motion hearings and pretrial and settlement

12    conferences. If exceptional circumstances exist, counsel may file an application

13    to appear telephonically detailing such circumstances.

14        **E.    Settlement**

15        Counsel must notify the Court at least two weeks before the scheduled

16    hearing if the parties are conducting settlement discussions that may render the

17    **motion moot and must notify the Court immediately if a settlement is**

18    **reached. A belated notice of settlement wastes scarce judicial resources.**

19    **X.    *EX PARTE* APPLICATIONS (INCLUDING TEMPORARY**

20        **RESTRAINING ORDERS AND APPLICATIONS FOR INJUNCTIVE**

21        **RELIEF)**

22        **A.    *Ex Parte* Applications Generally**

23        *Ex parte* applications are solely for extraordinary relief and should be used

24    with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.

25    488 (C.D. Cal. 1995). *Ex parte* applications that fail to conform to Local Rule 7-19,

26    including a statement of opposing counsel's position, will not be considered,

27    except on a specific showing of good cause. Concurrently with service of the

28    *ex parte* papers by electronic service and telephonic notice, counsel for the

1    moving party shall also serve the non-moving party by either facsimile, email,

2    or personal service, and give notice to the non-moving party that opposing papers

3    must be filed no later than 24 hours (or one court day) following service. If

4    counsel do not intend to oppose the *ex parte* application, counsel must inform

5    the Courtroom Deputy Clerk by telephone or email as soon as possible.

6         Applications seeking relief on an *ex parte* basis–either requesting not to give

7    proper notice to an opposing party and/or requesting an expedited briefing

8    schedule–are highly disfavored. This is especially true when the *ex parte* relief is

9    sought due to (1) the applicant's lack of diligence; (2) a crisis of the applicant's

10   own making; (3) an applicant's unwillingness to work through issues with the

11   opposing party; or (4) an applicant's last minute or half-hearted attempt to meet

12   and confer. Even when the opposing party is given the opportunity to respond,

13   such *ex parte* motions "are inherently unfair," "pose a threat to the administration

14   of justice," "debilitate the adversary system," and force both the opposing counsel

15   and the Court "to drop all other work to respond on short notice." *Mission Power

16   Eng'g*, 883 F. Supp. 490. As such, *ex parte* applications are strongly discouraged,

17   and frivolous *ex parte* motions may result in sanctions being imposed on

18   the moving party.

19        If, on the rare occasion and with a party's demonstration of due diligence

20   during the entire period leading up to the deadline, compliance with a Court

21   deadline is not possible, a party may file an *ex parte* application and propose a

22   hearing date. The moving party must support the application *with facts* showing

23   that its "cause will be irreparably prejudiced if the underlying motion is heard

24   according to regular noticed motion procedures" and "that the moving party is

25   without fault in creating the crisis that requires *ex parte* relief, or that the crisis

26   occurred as a result of excusable neglect." *Id.* at 492. Merely reciting these

27   requirements is not sufficient. Further, the moving party should not assume that an

28   unopposed *ex parte* application will be granted; and a last-minute application (or

1   (stipulation) that is denied will not serve to relieve a party of an underlying

2   obligation (e.g., a soon-to-expire deadline).

3       **B.**   ***Ex Parte* Applications for TROs**

4         An *ex parte* application for a temporary restraining order or preliminary

5   injunction under Federal Rule of Civil Procedure 65, seeks an "extraordinary

6   remedy that may only be awarded upon a clear showing that the plaintiff is entitled

7   to such relief."*Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). Such

8   applications must comply with Local Rule 7-19 (and Local Rule 65 for temporary

9   restraining orders and preliminary injunctions). The moving party must serve the

10   opposing party by email, fax, or personal service, and notify that party that

11   opposing papers must be filed not later than 48 hours following service or by

12   3:00 p.m. on the first court day after the service, whichever is later, or certify

13   pursuant to Rule 65 and Local Rule 65-1 the efforts made to give notice and

14   reasons why it should not be required under the circumstances. The opposing

15   party should advise the CRD as soon as possible whether it intends to oppose the

16   *ex parte* application. For TROs, the parties must provide Mandatory Chambers

17   Copies of TRO-related documents on the same day they are filed. The application

18   will not be considered until a Mandatory Chambers Copy has been provided.

19   Unless the application presents a true emergency, the Court generally will not rule

20   on the application for relief for at least 48 hours (or two court days) after the party

21   subject to the requested order has been served.

22   **XI.   OTHER MATTERS**

23       **A.**   **Class Actions**

24         If this action is a putative class action, the parties are to act diligently and

25   begin discovery immediately so that the motion for class certification can be filed

26   expeditiously. A motion for class certification must be filed not later than 120 days

27   from the date initially set for the scheduling conference, unless the Court orders

28   otherwise.

1   for failure to prosecute, if the failure occurs on the part of the plaintiff; (ii) striking

2   the answer resulting in default if such failure occurs on the part of the defendant;

3   and/or (iii) imposing monetary sanctions against the offending party and counsel.

4

5       **IT IS SO ORDERED.**

6

7   Dated:  October 28, 2025

8                                                    _____
                                                     HON. SERENA R. MURILLO
9                                                    UNITED STATES DISTRICT JUDGE

1   Jayson M. Lorenzo, Esq. SBN 216973
    jayson@jlorenzolaw.com
2   Attorney at Law
    2111 S. El Camino Real, Ste. 302
    Oceanside, CA 92054
3   Tel. (760) 517-6646
    Fax (760) 520-7900
4
5   Attorney for Plaintiff
    VICEROY MUSIC LTD.
6
7
8                  UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11  VICEROY MUSIC LTD., an England and )   Case No.
    Wales Limited Company,              )
12                                       )
13                                       )
                Plaintiff,               )
14                                       )   COMPLAINT FOR COPYRIGHT
                                         )   INFRINGEMENT
15        vs.                            )
                                         )
16                                       )   DEMAND FOR JURY TRIAL
17  CRAIG DIMECH; DOES 1 – 50,           )
    inclusive,                           )
18                                       )
19              Defendants.              )
                                         )
20                                       )
21                                       )

22
23
24      Plaintiff alleges as follows:
25                  **JURISDICTION AND VENUE**
26      1.      This is an action for copyright infringement and for unfair competition
27  arising under the laws of the United States of America, including Title 17, United States
28

                                  1
                  COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  Code, § 101, et seq.  This Court has personal jurisdiction over Defendants because,

2  among other things, Defendants are doing business in the State of California and in this

3  judicial district, the acts of infringement complained of herein occurred in the State

4  of California and in this judicial district, Defendants committed an intentional act in the

5  State of California and in this District, and Defendants expressly aimed their activities at

6  the State of California and this District and has caused harm and injury to Plaintiff

7  within the State of California and in this judicial district.

8    2.    Jurisdiction is conferred upon this Court by Title 28, United States Code §

9  1338.

10    3.    Venue is proper under 28 United States Code § 1400(a) and § 1391.

11

12    **PARTIES TO THE ACTION**

13    4.    Plaintiff is a private limited company organized under the laws of the

14  England and located at 85 Pages Walk, London, SE1 4HD.

15    5.    Based on information and belief, Defendant CRAIG DIMECH is an

16  individual professionally known as Meck (hereinafter "Meck").  Defendant CRAIG

17  DIMECH is a British DJ and music producer.

18    6.    The true names and capacities, whether individual, corporate, associate, or

19  otherwise, of defendants sued herein as Does 1 through 50, are unknown to Plaintiff,

20  who therefore sue said defendants by such fictitious names (the "Doe Defendants").

21  Plaintiff will seek leave of Court to amend this complaint to state their true names and

22  capacities when they have been ascertained.  Plaintiff is informed and believes on that

23  basis avers that the Doe Defendants are liable to Plaintiff because of their participation

24  in all or some of the acts hereinafter set forth.   CRAIG DIMECH and the Doe

25  Defendants are referred to collectively herein as "Defendants."

26    7.    Plaintiff is informed and believes on that basis avers that at all times

27  mentioned in this complaint, each of the Defendants was the agent and/or alter ego of

28

2
COMPLAINT FOR COPYRIGHT INFRINGEMENT

1 each of the other Defendants and, in doing the things alleged in this complaint, was
2 acting within the course and scope of such agency.

### GENERAL ALLEGATIONS

4     8.    Plaintiff is engaged in the music industry, namely in the business of music
5 publishing activities.

6     9.    Plaintiff is the current publisher of song writer and producer Francis
7 Wright, professionally known as Felix (hereinafter "Felix").

8     10.    In 1992, Felix co-wrote, co-produced, and released the track, "Don't You
9 Want Me?" (the "Track").

10     11.    The Track was recorded with the United States Copyright Office and
11 granted the valid copyright registration in the Track, registered on October 8, 1993 (U.S.
12 Copyright Registration No. PA0000685784), with the claimants recorded as Dying Art
13 Limited and Hooj Music.

14     12.    Hooj Music assigned all title and interest in the valid copyright in the Track
15 to Plaintiff through written instrument, effective June 10, 1995. Plaintiff therefore owns
16 all rights, title, and interest to the valid copyright in the Track.

17     13.    Based on information and belief, on or about December 10, 2024, Plaintiff
18 was notified by Defendant Meck that Defendant was seeking approval for the release of
19 the track, "Meck x James Hype – Feels Like Home," from Plaintiff.

20     14.    On or about December 11, 2024, Felix listened to the "Meck x James Hype
21 – Feels Like Home" track, and after consultation and in conjunction with Plaintiff, Felix
22 presented his objections and rejection to the track's release.

23     15.    On or about December 11, 2024, Plaintiff also expressly objected to the
24 release of the track, "Meck x James Hype – Feels Like Home."

25     16.    Based on information and belief, on or about December 15, 2024, the track,
26 "Meck x James Hype – Feels Like Home," was released without authorization or
27 approval and made available for streaming on various platforms such as YouTube and
28 Spotify, including audiences within this District.

17.     Based on the foregoing, Defendant and each of them purposefully directed their activities at this District and have purposefully availed themselves of the privilege of conducting activities in this District.

18.     Plaintiff did not grant a license agreement for use of Felix's "Don't You Want Me?" track in Defendant's "Meck x James Hype – Feels Like Home" track. Plaintiff did not receive any compensation for the use of these works.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

19.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 18 of this complaint.

20.     Defendants, and each of them, have infringed upon Plaintiff's literary work created and owned by Plaintiff, for which it has a registered copyright, by prominent use of the original work on the track "Meck x James Hype – Feels Like Home" without consent, approval, or license of Plaintiff, and by continuing to distribute the track without compensation or credit to Plaintiff.

21.     As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

22.     Defendants' infringement of Plaintiff's musical work has yielded Defendants' profits in an amount thus far not determined.

23.     Defendants' infringement has been willful and deliberate and was done for the purpose of making commercial use of and profit on Plaintiff's material, and to entertain audiences throughout the country and within this Judicial District.    Plaintiff is entitled to recover increased damages as a result of such willful copying.

24.     Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

25.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed

COMPLAINT FOR COPYRIGHT INFRINGEMENT